barred because the coercion of child witnesses was a violation only of the *witnesses'* rights, and not of any right held by petitioner. And although petitioner's due process rights were violated when the testimony was used at trial, the court held that the presentation of testimony fell squarely within the doctrine of absolute prosecutorial immunity. See *id.*, at 121–122, citing *Imbler* v. *Pachtman*, 424 U. S. 409 (1976).

This view accords with that of the Seventh Circuit, see *Buckley* v. *Fitzsimmons*, 20 F. 3d 789 (1994), but it is in tension with the approach taken by at least two other Circuits. See, *e. g.*, *Clanton* v. *Cooper*, 129 F. 3d 1147 (CA10 1997); *Zahrey* v. *Coffey*, 221 F. 3d 342 (CA2 2000). In *Zahrey*, the Second Circuit took the position that a plaintiff does state a claim under § 1983 when he shows that prosecutorial misconduct in gathering evidence has led to a deprivation of his liberty. The intervention of a subsequent immunized act by the same officer does not break the chain of causation necessary for liability.

I believe that the Second Circuit's approach is very likely correct, and that the decision below leaves victims of egregious prosecutorial misconduct without a remedy. In any event, even if I did not have serious doubt as to the correctness of the decision below, I would grant certiorari to resolve the conflict among the Courts of Appeals on this important issue. I respectfully dissent.

No. 00–776. MORGAN STANLEY DEAN WITTER & CO. *v.* ROSKIND. Ct. App. Cal., 1st App. Dist. Certiorari denied. JUSTICE O'CONNOR took no part in the consideration or decision of this petition.

No. 00–831. MAY *v.* HARRIS, SECRETARY OF STATE OF FLORIDA, ET AL. C. A. 11th Cir. Certiorari before judgment denied.

No. 00–7022. ALFORD *v.* UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA. C. A. 9th Cir. Certiorari denied. THE CHIEF JUSTICE took no part in the consideration or decision of this petition.

No. 99–9995. BAUTISTA RIVERA *v.* GREENE, *ante*, p. 992;
No. 99–10273. ANDERSON *v.* GENERAL MOTORS CORP., *ante*, p. 870;

No. 00–244. RUSSO, DBA JAY BROKERS *v.* DEPARTMENT OF AGRICULTURE, *ante*, p. 928;

No. 00–313. ADKINS ET UX. *v.* UNCLE BART'S INC., DBA UNCLE BART'S CLUB, ET AL., *ante*, p. 1011;

No. 00–368. KISSI *v.* SMALL BUSINESS ADMINISTRATION ET AL., *ante*, p. 960;

No. 00–5468. IN RE STEPHENS, *ante*, p. 809;

No. 00–6031. BURNS-BEY *v.* COMMISSIONER, DEPARTMENT OF CORRECTIONS OF MINNESOTA, *ante*, p. 981;

No. 00–6094. RICHARDS *v.* ANGELONE, DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, *ante*, p. 982;

No. 00–6146. SAMPSON *v.* CITIBANK, F. S. B., ET AL., *ante*, p. 970;

No. 00–6183. WHITE *v.* PORTER, *ante*, p. 997;

No. 00–6281. WALLACE *v.* NORTH CAROLINA, *ante*, p. 1018;

No. 00–6323. MALEKZADEH *v.* TEXAS TECH UNIVERSITY ET AL., *ante*, p. 1020;

No. 00–6423. JONES *v.* HUBBARD, WARDEN, *ante*, p. 1021;

No. 00–6618. JOHNSON *v.* KEMNA, SUPERINTENDENT, CROSS-ROADS CORRECTIONAL CENTER, *ante*, p. 1023; and

No. 00–6825. LANGWORTHY *v.* MARYLAND, *ante*, p. 1056. Petitions for rehearing denied.

JANUARY 18, 2001

No. 00–8000 (00A610). IN RE SMALLWOOD. Application for stay of execution of sentence of death, presented to JUSTICE BREYER, and by him referred to the Court, denied. Petition for writ of habeas corpus denied.

No. 00–7584 (00A549). GOODWIN *v.* JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Application for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Certiorari denied. JUSTICE STEVENS, JUSTICE SOUTER, JUSTICE GINSBURG, and JUSTICE BREYER would grant the application for stay of execution.